[Civ. No. 13576. Second Dist., Div. Two. June 8, 1942.]

AUDREY BRADBURY, Respondent v. VICTOR A. BRADBURY, Appellant.

548

Thomas W. Clarke and Earl D. Killion for Appellant.

Blau & Silbert, Louis C. Blau and Bernard M. Silbert for Respondent.

STEPHENS (Jess E.), J. pro tem.—Plaintiff and defendant were married on July 6, 1926. Marital troubles having arisen between them, plaintiff announced to defendant in May, 1939, after some twelve years of married life and strife, that she had decided to leave California and establish her residence in another state, and that she would there secure a divorce from him. At the same time she exhibited to defendant her bus ticket, which she had already purchased pursuant to her expressed intention. Upon the following day defendant presented to plaintiff and requested her to sign a deed conveying to him the home place, which they had acquired since their marriage by their joint efforts and which was held by them in joint tenancy. He stated that by this transfer to him he would be enabled to and would sell the property in her absence and transmit one-half of the proceeds to her. She had confidence in his integrity in spite of their marital inharmony, and, relying thereon and upon the truth of his representations and his good faith in carrying out his agreement to sell the property and transmit one-half the proceeds to her, executed the deed and he placed it of record. Thereafter she went to the State of Idaho, where she obtained employment and established her residence and thereafter secured a decree of divorce from defendant. In this decree no mention is made of the property. She subsequently returned to California and demanded that defendant either sell the real property and divided the proceeds as agreed or reconvey to her the one-half interest therein. He refused to do either and she thereupon brought this action, reciting the facts sub-

stantially as above related, and prayed for a decree declaring that defendant holds said property in trust for plaintiff and defendant in equal interests. The complaint also alleges the existence of certain additional community property, consisting of a small amount of household furniture and an equity in an automobile, and seeks similar relief as to it.

Defendant denies the alleged agreement and alleges that the parties had entered into an oral agreement pursuant to which plaintiff executed the above deed and also surrendered to him all of her right, title and interest in their community and joint tenancy property, and waived all claims against him for alimony or support, and that the consideration therefor was that plaintiff would leave the jurisdiction of the State of California and obtain an uncontested divorce from him in another state. He argues that such an agreement is *contra bonos mores* and will not be enforced by the courts, and that equity should refrain from extending relief to the parties to such an agreement.

While it is true that the courts will not countenance a contract "having for its object the dissolution of the marriage contract, or facilitating that result" (*Howard* v. *Adams,* 16 Cal. (2d) 253, 256 [105 P. (2d) 971, 130 A. L. R. 1003]), we need not here enter into any discussion of that principle. The trial court, upon conflicting evidence, found the facts to be as alleged in plaintiff's complaint, and specifically found that the agreement between the parties with respect to the division of the property was entered into after plaintiff had informed defendant that she was through with him and was going to divorce him, and that said agreement was not conditioned upon her obtaining a divorce; "nor did said agreement have as its object the dissolution of the marriage relationship existing between the parties nor did said agreement facilitate or induce the procuring of a divorce by the plaintiff." Under such conditions it is thoroughly established that the decision of the trial court may not be disturbed on appeal.

There is no basis for the claim that the findings are without support in the evidence. Plaintiff's testimony fully covers every fact found, except the finding that the agreement for disposal and division of the property included the personal property described in the complaint. However, the evidence shows without question that this is community property, and it therefore was properly disposed of in the decree. Consequently no injury results from such finding.

There is no merit in appellant's contention that error was committed in the denial of his motion for new trial.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.